**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
LORENA MERCEDES, ETHEL DUBOUZET, and
BARBORA SIMPSON on behalf of themselves and others
similarly situated,

                          Plaintiffs,

                -against-

MANHATTAN FOOD & BEV LTD. d/b/a REICHENBACH
HALL, WILIAM REICHENBACH aka WILLY
REICHENBACH *individually*, and KEITH REICHENBACH
*individually,*
                          Defendants.
------------------------------------------------X

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**


**PLAINTIFFS DEMAND**
**A TRIAL BY JURY**

      Plaintiffs, LORENA MERCEDES, ETHEL DUBOUZET, and BARBORA SIMPSON on behalf of themselves and others similarly situated, ("Plaintiffs") by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

**PRELIMINARY STATEMENT**

1.    This action is brought to recover for unpaid overtime wages earned by plaintiffs and those similarly situated as non-managerial employees of defendants who work or worked at bars owned, operated, and managed by the defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2.    Plaintiffs further complain on behalf of themselves and all other similarly situated current and former non-managerial employees for Defendants who worked as waiters or in other similar positions or titles pursuant to 29 U.S.C. §216(b), that they are owed additional wages from defendants for their failure to pay at the minimum hourly rate, for overtime premium, and for spread of hours, as well as for illegally deducted wages and misappropriated tips pursuant to the New York Labor Law §650 et seq. and the New York Labor Law §190 et seq. (hereinafter collectively referred to as the "NYLL") as well as the Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. §146 and formally the Minimum

Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. §137.

## JURISDICTION AND VENUE

3.   Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §216(b) and 42 U.S.C. §§ 2000e to 2000e-17. Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4.   Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5.   Venue is proper in this district based upon Defendants' residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6.   That at all times relevant hereto, Plaintiffs Lorena Mercedes ("Mercedes"), Barbora Simpson ("Simpson"), To Tran ("Tran"), and Ethel Dubouzet ("Dubouzet") (together referred to herein as "Plaintiffs") were employed within New York County, New York.

7.   Plaintiffs were, during all relevant times, employees of all Defendants.

8.   That at all times relevant hereto, Defendant Manhattan Food & Bev Ltd. d/b/a Reichenbach Hall ("Reichenbach") was and is a Domestic Business Corporation doing business within and authorized by the State of New York.

9.   That at all times relevant hereto, Defendant Reichenbach does business in the State of New York as a restaurant located at 5 W 37th St, New York, NY 10018.

10.   That at all times relevant hereto, Defendant Willy Reichenbach ("Willy"), Defendant Keith Reichenbach ("Keith") are owners and managers of Defendant Reichenbach.

11.   Defendants Willy and Keith both have authority over Plaintiffs and had the ability to determine schedules, hire, fire, discipline, and determine rates of pay for the Plaintiffs. Defendant Reichenbach, Defendant Willy, and Defendant Keith are referred to herein as

"Defendants."

12.    During the period Plaintiffs were employed by Defendants, the business averaged well in excess of $500,000.00 in business done each year.

13.    Defendants purchased and sold food and alcohol which had moved in interstate commerce. It also used cutlery, linens, and plates which had moved in interstate commerce. Defendants, offered to accept credit cards which required engaging in interstate money transfers. Plaintiffs handled the food, alcohol, cutlery, linens, and plates which had moved in interstate commerce and processed the payments which were directly engaged in interstate commerce.

14.    While Defendants employed Plaintiffs, Defendants had at least eleven (11) employees working in the restaurant.

## THE FLSA CLASS

15.    While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

16.    The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as "Server" or "Busser" or other position for which Defendants took a tip credit or included in a tip pool at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

17.    Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over forty (40) members of the Class who worked for Defendants within the Class Period.

18.     There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed to compensate employees at the minimum rate, whether Defendants provided proper notice of a tip credit, whether Defendants operated an illegal tip pool, whether Defendants misappropriated tips, and whether Plaintiffs were properly compensated for all hours worked.

19.     Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs will fairly and adequately protect the interests of the Class.

20.     A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

21.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22.     At all times relevant to this action, Plaintiffs and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

23.     At all times relevant to this action, Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiffs were both directly and indirectly involved in interstate commerce.

24.     At all times relevant to this action, due to Defendants' FLSA violations, Plaintiffs and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional

equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 201 *et seq*.

## THE RULE 23 CLASS

25. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26. The class of eligible Plaintiffs consists of all persons who worked for Defendant during the previous six (6) years for whom Defendants took a tip credit against their minimum wage, including but not limited to "servers" and "bussers".

27. As the members of the Rule 23 Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are in excess of forty (40) members of the Rule 23 class.

28. Plaintiffs' claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

29. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

30. Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

31.     Plaintiffs have the same interests in this matter as all other members of the Rule 23 Class and Plaintiffs' claims are typical of the Rule 23 Class.

32.     There are common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting the individual members of the Rule 23 Class, including but not limited to:

    a.   Whether Defendants paid the legally mandated minimum wage for all hours worked;

    b.   Whether Defendants paid the requisite overtime premium for hours over forty;

    c.   Whether Defendants provided the appropriate notice of intent to take a tip credit;

    d.   Whether Defendants operated an illegal tip pool;

    e.   Whether Defendants misappropriated tips;

    f.   Whether Defendants provided the required wage statements and notices;

    g.   Whether Defendants required employees to pay for their uniforms;

    h.   Whether Defendants required employees to pay for meals when a customer left without paying;

    i.   Whether Defendants paid a spread of hours payment for double shifts or shifts worked in excess of ten (10) hours; and,

    j.   Whether Defendants willfully violated the law.

33.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of Defendant, as alleged herein, has been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for Defendant who oppose the Rule 23 Class.

35.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions

affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedure that violated the Fair Labor Standards Act and New York Labor law.

## STATEMENT OF FACTS

36.     Defendants have maintained a common policy and practice of, inter alia: (1) not paying the minimum hourly rate; (2) not paying employees for all hours worked; (3) not paying rates of one and one-half times the regular rate of pay for work in excess of forty (40) hours a week; (4) not paying spread of hours premium pay for work in excess of 10 hours a day; (5) illegally deducting employee wages; (6) operating an illegal tip pool; (7) misappropriating tips earned by Plaintiffs; (8) requiring employees to pay for uniforms; and (9) failing to provide appropriate wage statements and notices.

37.     Plaintiffs, who were employed by Defendants as servers, were paid $10 an hour. Upon information and belief, Plaintiffs were not given any notice of a tip credit.

38.     Defendants required all Plaintiffs to participate in a tip pool for which they were not given a breakdown of how the tips would be distributed.

39.     Defendants required all Plaintiffs to pay for any customer who left without paying which constitutes an illegal deduction under the labor law.

40.     Defendants required all Plaintiffs to pay for their uniforms in violation of the labor law.

## MATERIAL FACTS RELATED TO PLAINTIFF MERCEDES

41.     Plaintiff Mercedes was hired by a manager named Alex in or around November of 2021 as a server.

42.     Plaintiff Mercedes' work tasks as a server were take orders and payment from customers, wait

tables, attend the bar, clean before and after her shifts, organize wines and glasses, set tables, bus tables, and perform other work necessary to ensure the operation of the restaurant.

43.     Throughout Plaintiff Mercedes employment, her work product was excellent.

44.     Plaintiff Mercedes was scheduled to work approximately four (4) shifts each week.

45.     Plaintiff Mercedes worked on average twenty (20) hours each week.

46.     Plaintiff Mercedes was never given a notice that Defendants intended to take a tip credit, however she was still only paid $10.00 per hour.

47.     Plaintiff Mercedes never received spread of hours pay on days that she worked more than ten (10) hours or worked doubles.

48.     On many occasions Plaintiff Mercedes noticed she was not properly compensated for all hours worked and misappropriated tips.

49.     In addition to Defendants simply reducing Plaintiff Mercedes' hours on her paychecks, Defendants also would take thirty (30) minutes away from each shift for a break which she often did not get to take.

50.     Plaintiffs complained about missing hours and tips on their paychecks. When Plaintiff Mercedes asked for a breakdown of their tips Defendants refused to show them how their tips were distributed.

51.     Plaintiff Mercedes stopped working for Defendants on March 12, 2022.

**MATERIAL FACTS RELATED TO PLAINTIFF DUBOUZET**

52.     Plaintiff Dubouzet was hired by a manager named Jack in or around September of 2020 as a server.

53.     Throughout Plaintiff Dubouzet's employment with Defendants, her work product was excellent.

54.     Plaintiff Dubouzet worked approximately forty (40) hours a week, but often worked more

than that depending on her shift schedule.

55.   Plaintiff Dubouzet was never given a notice that Defendants intended to take a tip credit, however she was still only paid $10.00 per hour.

56.   Plaintiff Dubouzet never received spread of hours pay on days that she worked more than ten (10) hours or worked doubles.

57.   On many occasions Plaintiff Dubouzet noticed she was not properly compensated for all hours worked and her tips were being stolen by Defendants.

58.   In addition to Defendants simply reducing Plaintiff Dubouzet's hours on her paychecks, Defendants also would take thirty (30) minutes away from each shift for a break which she often did not get to take.

59.   Further, while Plaintiff Dubouzet was required to participate in a tip pool, she did not get any information about how it was calculated. When reviewing how much she had made throughout the night in tips and comparing with other servers, she realized that Defendants were not paying out all of the tips which had been given.

60.   When Plaintiff  Dubouzet asked for a breakdown of their tips Defendants refused to show Plaintiffs how their tips were distributed.

61.   Plaintiff Dubouzet repeatedly complained about the Defendants' illegal tip practices throughout her employment. In or around December of 2021, Plaintiff Dubouzet began complaining more vocally after Defendants were taking more and more of their tips. After she made these complaints, Defendants began cutting her hours and she was only scheduled to work around fifteen (15) hours a week, whereas she had previously been working more than forty (40) hours a week.

62.   Plaintiff Dubouzet stopped working for Defendants on February 26, 2022 due to this retaliation.

63. After leaving employment with Defendants, they threatened to withhold her last paycheck unless she signed a waiver of liability. Upon information and belief this was in retaliation for her complaining about their violations of the law as described herein.

**MATERIAL FACTS RELATED TO PLAINTIFF SIMPSON**

64. Plaintiff Simpson was interviewed by Defendant Keith and hired by a manager named Alex in or around September of 2021.

65. Throughout Plaintiff Simpson's employment with Defendants, her work product was excellent.

66. Plaintiff Simpson worked approximately twenty-five (25) hours a week, but this would at times fluctuate depending on shift availability and other details.

67. Plaintiff Simpson was never given a notice that Defendants intended to take a tip credit, however she was still only paid $10.00 per hour.

68. Plaintiff Simpson never received spread of hours pay on days that she worked more than ten (10) hours or worked doubles.

69. On many occasions Plaintiff Simpson noticed she was not properly compensated for all hours worked and her tips were being stolen by Defendants.

70. In addition to Defendants simply reducing Plaintiff Simpson's hours on her paychecks, Defendants also would take thirty (30) minutes away from each shift for a break which she often did not get to take.

71. Further, while Plaintiff Simpson was required to participate in a tip pool, she did not get any information about how it was calculated. When reviewing how much she had made throughout the night in tips and comparing with other servers, she realized that Defendants were not paying out all of the tips which had been given.

72. When Plaintiff Simpson asked for a breakdown of their tips Defendants refused to show them

how their tips were distributed. After repeatedly questioning these policies and complaining about Defendants' violations of the law, Defendants cut Plaintiff Simpson's hours in retaliation.

73.   Due to this retaliation, Plaintiff Simpson resigned from her employment with Defendants on February 19, 2022.

74.   Plaintiffs never received any overtime pay or spread of hours.

75.   This tip theft was an illegal deduction and violation of the FLSA and NYLL.

76.   Defendants never provided appropriate and accurate wage statements or wage notices to Plaintiffs.

77.   Defendants' violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

78.   Defendants are and were employers under the FLSA and NYLL as they control the work performed by individuals who suffered under their violation of the law, made the decision to specifically violate the law and have an ownership stake in the company. As such, Defendants are jointly and severally liable for the wage and hour violations detailed herein.

79.   Plaintiffs were not provided accurate and truthful wage statements and notices which complied with New York Labor Law § 190 *et seq* during their employment.

## AS A FIRST CAUSE OF ACTION
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

80.   Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

81.   Defendants willfully employed Plaintiffs in the afore-mentioned enterprise and failed to compensate Plaintiffs for all hours worked during their employment.

82.   Defendants failed to pay any wages for hours worked by Plaintiffs as described herein and as is required by the FLSA.

83.   Further, the average hourly rate for Plaintiffs was below the minimum wage when considering the numerous hours for which they were not compensated.

84.   Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

85.   Defendants stole tips from Plaintiffs in violation of the FLSA.

86.   Defendants took a tip credit to which they were not entitled and therefore did not pay Plaintiffs the appropriate minimum wage.

87.   Defendants' failure to comply with the FLSA caused Plaintiffs to suffer lost wages and other damages as described and demanded herein.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**

88.   Class Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

89.   Class Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

90.   Defendants' failure to comply with the New York Labor Law minimum wage protections caused Class Plaintiffs to suffer loss of wages and interest thereon.

91.   Defendants' failure to pay proper wages for each hour worked was willful.

92.   Defendants also failed to pay overtime pay as is required by the New York Labor Law.

93.   Defendants also failed to provide tips paid by clients which were to be delivered to Plaintiffs but were not.

94.   Defendants withheld money from the tips from Plaintiffs' pay without legal right or justification.

95.   Defendants paid Plaintiffs less than the minimum wage for all hours worked without providing the required tip credit notice or complying with the requirements in order to

claim a tip credit.

96.     Defendants failed to pay spread of hours pay as required by the New York Labor Law.

97.     On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and

        liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

98.     Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of

        this complaint as if same were set forth herein fully at length.

99.     At all times relevant to this action, Plaintiffs were employed by Defendants within the

        meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the

        applicable regulations thereunder.

100.    At all times relevant herein, defendants, individually and/or jointly, failed and willfully

        failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are

        therefore entitled to and seek to recover in this action the maximum recovery for this

        violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

101.    At all times relevant herein, Defendants, individually and/or jointly, failed and willfully

        failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are

        therefore entitled to and seeks to recover in this action the maximum recovery for this

        violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d).

## AS AND FOR A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW (retaliation)
## (On behalf of Plaintiffs Simpson and Dubouzet)

102.    Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of

        this complaint as if same were set forth herein fully at length.

103.    Plaintiffs Simpson and Dubouzet complained to Defendants about their improper pay

        practices as described herein.

13

104. Defendants then retaliated against Plaintiffs Simpson and Dubouzet but cutting their hours significantly. This resulted in Plaintiffs Simpson and Dubouzet resigning from employment.

105. This action violates the New York Labor Law § 215.

106. As a result of this violation, Plaintiffs Simpson and Dubouzet have suffered and continue to suffer loss of wages, benefits and emotional damages for which Defendants are liable.

## **JURY DEMAND**

107. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants:

A. Awarding all wages not paid and damages due as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

C. Certifying a class under Rule 23 and also certifying a collective action class under 216(b).

D. Awarding damages to the Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices including emotional and compensatory damages;

E. Awarding Plaintiffs punitive damages;

F. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
       April 4, 2021

**THE ROSE LAW GROUP, PLLC**

**/s/Jesse C. Rose**
Jesse C. Rose (JR-2409)
3272 Steinway Street
Suite 503
Astoria, New York 11103
PH: (718) 989-1864
Fax: (917) 831-4595