**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LORENA MERCEDES, ETHEL DUBOUZET, and BARBORA SIMPSON, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

MANHATTAN FOOD & BEV LTD. d/b/a: REICHENBACH HALL, WILLIAM REICHENBACH: aka WILLY REICHENBACH individually and KEITH: REICHENBACH individually,

Defendants.

Civil Action No. 22-cv-02777-CM-JLC

Hon. Colleen McMahon

**DEFENDANTS MANHATTAN FOOD & BEV LTD. D/B/A REICHENBACH HALL, WILLIAM REICHENBACH AND KEITH REICHENBACH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND COMPEL ARBITRATION ON AN INDIVIDUAL BASIS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....... 1

FACTS ....... 2

A. Plaintiffs' Employment with Reichenbach Hall ....... 2

B. Agreement to Arbitrate ....... 2

C. Complaint ....... 3

LEGAL ARGUMENT ....... 4

A. Federal Law Requires Enforcement of Plaintiffs' Arbitration Agreements. ....... 4

i. The Parties Agreed to Arbitrate ....... 5

ii. The Scope of the Agreements ....... 6

iii. Plaintiffs' Claims are Arbitrable ....... 7

B. Plaintiffs Are Prohibited From Pursuing Class-Wide or Collective Arbitration. ....... 7

CONCLUSION ....... 7

# TABLE OF AUTHORITIES

**Federal Cases**

*Alvarez v. Nat'l Debt Relief, LLC*, 2017 U.S. Dist. LEXIS 102454 (S.D.N.Y. June 23, 2017) ....................6

*Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013) ....................5

*AT&T Mobility LLC v. Concepcion* 563 U.S. 333 (2011) ....................4

*Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402 (S.D.N.Y. 2016) ....................5

*Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018) ....................4, 7

*Flores v. Chime Fin., Inc.*, 2022 U.S. Dist. LEXIS 52624 (S.D.N.Y. Mar 23, 2022) ....................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) ....................4

*Moton* v. *Maplebear, Inc.,* 2016 WL 616343 (S.D.N.Y. Feb. 9, 2016) ....................3, 5, 7

*Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72 (2d Cir. 1998) ....................6

*Scone Investments, L.P. v. Am. Third Mkt. Corp.*, 992 F. Supp. 378 (S.D.N.Y. 1998) ....................5

*Teah v. Macy's Inc*., 2011 U.S. Dist. LEXIS 149274 (E.D.N.Y. Dec. 29, 2011) ....................6

**Federal Statutes**

9 U.S.C. § 2 ....................4

9 U.S.C. § 3 ....................1

9 U.S.C. § 4 ....................1, 4

**Rules**

Fed. R. Civ. P. 12(b) ....................1

Defendants Manhattan Food & Bev Ltd. d/b/a Reichenbach Hall ("Reichenbach Hall"), William Reichenbach and Keith Reichenbach (collectively, the "Defendants"), by and through their counsel, Duane Morris LLP, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and 9 U.S.C. Sections 3 and 4 of the Federal Arbitration Act ("FAA"), dismissing the Complaint in its entirety and compelling Plaintiffs Lorena Mercedes ("Mercedes"), Ethel Dubouzet ("Dubouzet"), Barbora Simpson ("Simpson"), To Tran ("Tran") and Katrina Sanjongco Coyle[1] ("Coyle") (collectively "Plaintiffs") to arbitrate their claims on an individual basis, or, in the alternative, staying these proceedings and compelling Plaintiffs to arbitrate their claims on an individual basis, awarding Defendants their attorneys fees and costs, and granting Defendants such other relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT

Prior to their start of employment at Reichenbach Hall and as a condition of employment, Plaintiffs signed identical arbitration agreements which required each to i) arbitrate "all disputes and claims" related to their employment; and ii) to waive their right to litigate any such claims in a class or collective action. Despite this clear and unambiguous agreement to arbitrate individually, however, Plaintiffs bring a putative class action against Defendants, alleging statutory claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). It is well established that agreements to arbitrate are valid, enforceable and irrevocable; that Plaintiffs' statutory claims are arbitrable; and that class and collective action waivers in employment agreements are enforceable. There is thus no basis to disregard Plaintiffs' agreements to arbitrate their employment claims individually and thus the Court should dismiss this action and compel arbitration on an individual basis.

---

[1] Tran and Coyle are opt-in Plaintiffs.

## FACTS

### A. Plaintiffs' Employment with Reichenbach Hall

Reichenbach Hall is a restaurant located at 5 West 37th Street, New York, New York. Complaint, ¶9. Mercedes was employed by Reichenbach Hall as a server from November 2021 to March 2022. *Id.* at ¶41-42, 51. Dubouzet was employed by Reichenbach Hall as a server from September 2021 to February 2022. *Id.* at ¶52, 62. Simpson was employed by Reichenbach Hall as a server from September 2021 to February 2022. *Id.* at ¶64, 73. Tran and Coyle are opt-in plaintiffs. Dkt. At 6.

### B. Agreement to Arbitrate

Mercedes, Dubouzet, Simpson, Tran and Coyle all signed identical agreements to arbitrate ("Arbitration Agreement"). *See* Exhibits A, B, C, D and E to Affidavit of William Reichenbach (Reichenbach Aff.). The Arbitration Agreement requires arbitration of any claim related to Plaintiffs' employment and requires employees to arbitrate their claims individually, stating as follows:

> I hereby agree to submit to binding arbitration all disputes and claims arising out of employment with the company, that all disputes that cannot be resolved by informal internal resolution which might arise out of my employment with the company, whether during or after employment, will be submitted to binding arbitration. I agree that such arbitration shall be conducted under the rules of the American Arbitration Association and the laws of the State of New York. This document contains the entire agreement between the parties with regard to dispute resolution, and there are no other agreements as to dispute resolution, either oral or written.
>
> …
>
> All claims shall be brought exclusively in an individual capacity and neither party will have the right to commence, join or otherwise participate in a class action; a representative action; a collective action; a class arbitration or mediation; a representative arbitration or mediation; or a collective arbitration or mediation. No party can begin, join or participate in any of the foregoing as a class member; representative; or private attorney general. Neither can any party commence, join or consolidate their actions or claims with any other person or entity. No arbitrator

> or mediator shall have the authority to treat any claim as or convert any claim to a class, representative, collective, joined or consolidated action.
>
> …
>
> I agree that I first received this document to review and discuss with an attorney, if I chose to, and was given a minimum of twenty-one (21) calendar days before signing it. I do hereby further acknowledge that I have had the opportunity to consult with an attorney of my choice prior to signing voluntarily and of my own free will.
>
> …
>
> **THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH AFFECTS YOUR LEGAL RIGHTS AND MAY BE ENFORCED BY THE PARTIES**.
>
> …
>
> My signature on this document acknowledges that I understand the above Arbitration Policy and agree to abide by its conditions … I further agree that, in accordance with Reichenbach Hall's Arbitration Policy that I will submit any dispute – including but not limited to my termination – arising under or involving my employment with Reichenbach Hall to binding arbitration within one (1) year from the date the dispute first arose.[2] I agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving my employment with Reichenbach Hall and/or its affiliates or the termination of that employment. I agree that I am entitled to legal representation, at my own cost, during arbitration. I further understand that I am responsible for half of the cost of the arbitrator and any incidental costs of arbitration.[3]

### C. Complaint

Plaintiffs filed their Complaint on April 4, 2022. In the Complaint, Plaintiffs assert claims under the FLSA and NYLL relating to each Plaintiff's employment with Reichenbach Hall. Complaint ¶¶80-106. Plaintiffs have not sought to arbitrate their claims.

---

[2] Defendants agree to waive this provision. "The Second Circuit has held that New York law permits the enforcement of an arbitration agreement as modified by a defendant's waivers." *Moton,* 2016 WL 616343 (Futterman Decl. at Ex. A).

[3] To the extent any Plaintiff cannot comply with this cost-sharing provision, Defendants are willing to waive the same.

## LEGAL ARGUMENT

### A. Federal Law Requires Enforcement of Plaintiffs' Arbitration Agreements.

As set forth in detail below, the FAA requires Plaintiffs to honor their agreements to arbitrate. Failing that, the FAA enables an aggrieved party such as Defendants to seek "an order directing that such arbitration proceed in a manner provided for in such agreement." 9 U.S.C. § 4. The FAA requires federal courts to compel the arbitration of any claims covered by a valid arbitration agreement. *See, e.g.*, *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018); *AT&T Mobility LLC v. Concepcion* 563 U.S. 333, 344 (2011) ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."). Consistent with our national policy favoring arbitration, the FAA mandates that arbitration agreements "shall be valid, irrevocable, and enforceable" to the same extent as any contract, and commands that a district court "shall" issue "an order directing the parties to proceed to arbitration in accordance with the terms of [their] agreement." 9 U.S.C. §§ 2, 4. In relevant part, Section 4 of the FAA states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement … upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration…" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2). "[C]ourts must rigorously enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes, and the rules under which that arbitration will be

conducted." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (internal citations omitted).

There are four factors that this Court must consider when deciding the instant motion to compel arbitration: i) whether the parties agreed to arbitrate; ii) the scope of the agreement; iii) if the claims asserted are arbitrable; and iv) if it is determined that some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration. *Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 409 (S.D.N.Y. 2016); *Moton* v. *Maplebear, Inc.,* 2016 WL 616343, at *3-*4 (S.D.N.Y. Feb. 9, 2016) (Futterman Decl. at Ex. A).

*i.* *The Parties Agreed to Arbitrate*

Under this test, "[t]he party moving to compel arbitration 'must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement in issue.'" *Begonja*, 159 F. Supp. 3d at 409. "The moving party need not show initially that the agreement would be enforceable, merely that one existed." *Id.* (internal quotation marks omitted). This burden is satisfied by the well-established proposition that an arbitration agreement purportedly signed by an employee is *prima facie* evidence of a promise to arbitrate. *Scone Investments, L.P. v. Am. Third Mkt. Corp.*, 992 F. Supp. 378, 381 (S.D.N.Y. 1998). Once the moving party makes a *prima facie* showing that an agreement existed, "the burden shifts to the adverse party to come forward with competent admissible evidence that, if credited and given all reasonable inferences in favor of that party, would raise a genuine issue of fact for trial." *Flores v. Chime Fin., Inc.*, 2022 U.S. Dist. LEXIS 52624, *8 (S.D.N.Y. Mar 23, 2022) (Futterman Decl. at Ex. B).

Here, Defendants have submitted admissible evidence that each Plaintiff signed an agreement to arbitrate. *See* Reichenbach Aff. at A-E. Moreover, it is well settled that continued employment and an agreement that binds both parties to arbitrate their claims, such as here, are

both adequate consideration. *Alvarez v. Nat'l Debt Relief, LLC*, 2017 U.S. Dist. LEXIS 102454, *5 (S.D.N.Y. June 23, 2017) (Futterman Decl. at Ex. C); *Teah v. Macy's Inc*., 2011 U.S. Dist. LEXIS 149274, *14 (E.D.N.Y. Dec. 29, 2011) (Futterman Decl. at Ex. D).

Based on the foregoing, the Arbitration Agreements are valid and enforceable against Plaintiffs.

*ii.* *The Scope of the Agreements*

In accordance with the strong federal policy favoring arbitration, courts in this Circuit must "construe arbitration clauses as broadly as possible." *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir. 1998). A court must "resolv[e] 'any doubts concerning the scope of arbitrable issues … in favor of arbitration.'" *Id*. Moreover, "the existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said *with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute*." *Id.* (emphasis in original).

The claims Plaintiffs assert in the Complaint are within the scope of the Arbitration Agreements. The arbitration provision broadly encompasses “all disputes and claims arising out of employment with the company.” *See* Reichenbach Aff. at A-E. Plaintiffs allege “Defendants failed to pay any wages for hours worked by Plaintiffs … as is required by the FLSA” Cpt. at ¶¶ 82; failed to comply with the NYLL’s minimum wage protections, tip and spread of hour rules, Cpt. at ¶¶ 89-96; failed to provide wage notice statements, Cpt. at ¶¶ 98-101; and retaliated against Simpson and Dubouzet in violation of the NYLL, Cpt. at ¶¶ 102-106. These claims certainly arise out of Plaintiffs’ employment with the Company and thus, fit comfortably within the broad language of the arbitration provision.

*iii.* *Plaintiffs' Claims are Arbitrable*

"Courts in this District have repeatedly found both FLSA and NYLL claims to be arbitrable." *Maplebear*, 2016 U.S. Dist. LEXIS 17643 at *5 (Futterman Decl. at Ex. A).

**B. Plaintiffs Are Prohibited From Pursuing Class-Wide or Collective Arbitration.**

The Plaintiffs expressly agreed that each would only bring claims in his or her individual capacity and not on behalf of any class or in a representative capacity. *See* Reichenbach Aff. at ¶¶ at Ex. A-E).:

> All claims shall be brought exclusively in an individual capacity and neither party will have the right to commence, join or otherwise participate in a class action; a representative action; a collective action; a class arbitration or mediation; a representative arbitration or mediation; or a collective arbitration or mediation. No party can begin, join or participate in any of the foregoing as a class member; representative; or private attorney general.

While there once existed a circuit split as to the enforceability of class/collection action waivers, in 2018, the Supreme Court in *Epic Systems Corp.*, 138 S. Ct. 1612, made clear that employers may include class-action waivers in arbitration agreements, holding that such waivers are enforceable under the FAA, and that nothing in the National Labor Relations Act precludes their enforcement. Here, Plaintiffs agreed that "[a]ll claims shall be brought exclusively in an individual capacity and neither party will have the right to commence, join or otherwise participate in a class action; a representative action; a collective action; a class arbitration or mediation; a representative arbitration or mediation; or a collective arbitration or mediation." Arbitration Agreement, Exhibits A-E of the Reichenbach Aff. Based on the Supreme Court's decision in *Epic Systems Corp.*, this class and collective action waiver is enforceable.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully requests that this Court: (1) dismiss the Complaint in its entirety and compel Plaintiffs to arbitrate their claims on an

individual basis, or ii) in the alternative, stay these proceedings and compel Plaintiffs to arbitrate their claims on an individual basis; iii) award Defendants their attorneys fees and cost; and iv) grant Defendants such other relief as this Court may deem just and proper.

Dated: June 6, 2022
New York, NY

**DUANE MORRIS LLP**

By: */s/ Michael R. Futterman*
Michael R. Futterman, Esq.
1540 Broadway
New York, New York 10036
(212) 692-1000
mrfutterman@duanemorris.com
*Attorneys for Defendants Manhattan Food & Bev Ltd. d/b/a Reichenbach Hall, William Reichenbach and Keith Reichenbach*