# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") dated April 22, 2024, is made and entered into by and among Manhattan Food & Beverage Ltd. d/b/a Reichenbach Hall ("Reichenbach Hall"), William Reichenbach, and Keith Reichenbach (collectively, "Respondents") and Ethel Dubouzet ("Dubouzet"), To Tran ("Tran"), Lorena Mercedes ("Mercedes"), Katrina Sanjongco Coyle ("Coyle"), and Paola Teran Iniguez ("Iniguez") (collectively, "Claimants").

**WHEREAS,** Dubouzet, Tran, Coyle, Mercedes, Iniguez, and Barbora Simpson ("Simpson") were employed by Reichenbach Hall,

**WHEREAS,** Dubouzet, Mercedes, and Simpson filed an action against Respondents in the United States District Court for the Southern District of New York on behalf of themselves and others similarly situated, Case No. 1:22-cv-02777-CM (the "SDNY Action");[1]

**WHEREAS,** Tran, Coyle, and Iniguez joined the class;

**WHEREAS,** Respondents moved to compel arbitration of the SDNY Action;

**WHEREAS,** Respondents' motion to compel arbitration was granted with respect to Dubouzet, Mercedes, Tran, and Coyle;

**WHEREAS,** the motion to compel arbitration of Iniguez remains pending in the SDNY Action;

**WHEREAS**, Dubouzet, Coyle, Mercedes, and Tran instituted individual arbitrations with the American Arbitration Association against Respondents, Case Nos. 01-23-0001-7759, 01-23-0001-7785, 01-23-0001-7756, and 01-23-0001-7783, respectively, wherein various legal claims were made (the "Arbitrations");

**WHEREAS,** Respondents have denied, and continue to deny, that they have violated any laws or acted improperly in any way and, therefore, deny any and all liabilities arising out of any claims that Claimants have or may have against Respondents; and

**WHEREAS,** the parties have weighed the risks, burdens, and costs of litigation, and without making or implying any admissions or concessions as to their relative positions with respect to any of the alleged wrongdoing, have determined that full, final, and amicable settlement and resolution of their differences on the terms and conditions set forth herein is in the best interests of all parties.

**NOW THEREFORE,** in consideration of the foregoing and mutual covenants set forth herein, the parties agree as follows.

---

[1] Simpson voluntarily withdrew all claims against Respondents in November 2022.

1. **Settlement Payment**.

(a) In consideration for Claimants' execution of this Agreement, and them not revoking this Agreement, Respondents shall pay Claimants the gross sum of Sixty-Seven Thousand Five Hundred Dollars and Zero Cents ($67,500.00) (the "Settlement Payment").

(b) The Settlement Payment represents alleged statutory damages and is fully inclusive of Respondents' payment of any and all attorneys' fees and costs incurred by Claimants in connection with the SDNY Action and Arbitrations or any other matters related to Respondents.

(c) The Settlement Payment, for which an IRS Form 1099 shall be issued. shall be remitted to Claimants' counsel, The Rose Law Group, PLLC, Attorneys At Law, PLLC, attn.: Jesse Rose, The Rose Law Group, PLLC, 3272 Steinway Street; Suite 503 Astoria, New York 11103.

(e) Claimants shall file the Agreement with the United States District Court for the Southern District of New York within two (2) days of the Effective Date (hereinafter defined in Paragraph 7(c)). The Parties shall work together to request approval of the Agreement from the District Court.

(f) Within five (5) days of the United States District Court for the Southern District of New York's approval of the Agreement, Claimants shall cause to be filed a Dismissal with Prejudice as to the SDNY Action and each of the Arbitrations.

(g) Within three months of the Effective Date, the Settlement Payment shall be remitted, subject to Respondents' receipt of fully executed Form W-9s for Claimants and Claimants' attorney.

(h) The Parties agree that because the Settlement Payment encompasses only alleged statutory damages and attorneys' fees, it is considered non-wage income and entitled in its entirety to treatment as non-employment income to be reported on Form-1099.

(i) Claimants agree that they are solely responsible for any and all federal, state, and/or local taxes due with respect to the Settlement Payment and agree to indemnify and hold Respondents harmless from any claims, losses, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, attorneys' fees or recoveries as a result of any claim by any federal, state, and/or local taxing authorities concerning the Settlement Payment.

2. **Benefits Not Otherwise Entitled To**.  Claimants acknowledge that the Settlement Payment specified in Paragraph 1 above is provided in addition to, and otherwise exceeds, any payment, benefit or other thing of value to which Claimants might otherwise be legally entitled to receive from Respondents.

3. **General Release**.

In consideration of the compensation and benefits set forth herein, the receipt and adequacy of which are hereby acknowledged by Claimants, Claimants hereby release and discharge

Reichenbach Hall and each of its respective present, former and future subsidiaries, affiliates and related companies, as well as the shareholders, directors, trustees, officers, representatives, employees, contractors, insurers, and attorneys, thereof, and all their heirs, successors, assigns, and agents, as well as William Reichenbach and Keith Reichenbach and each of their heirs, successors, assigns, and agents (collectively, the "Releasees"), from any and all claims, causes of action, suits, debts, controversies, judgments, decrees, damages, liabilities, covenants, contracts and agreements, whether known or unknown, in law or equity, whether statutory or common law, whether federal, state, local or otherwise, including, but not limited to, any claims relating to, or arising out of any aspect of Claimants' employment with Reichenbach Hall, including without limitation:

(a) any and all claims arising under any federal, state, or local statute, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act of 1963, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act of 1993, the Immigration Reform and Control Act of 1986, the Fair Labor Standards Act of 1938, the Worker Adjustment and Retraining Notification Act, the National Labor Relations Act, the New York Labor Law, the New York State Executive Law, the New York State Human Rights Law, the New York Labor Law, the New York City Human Rights Law, and the New York City Administrative Code, as amended;

(b) any and all claims arising under any other federal, state, or local labor law, civil rights law, or human rights law;

(c) any and all claims arising under common law, including, but not limited to, claims for defamation, libel, slander, false imprisonment, breach of contract, retaliation, or tortious interference with business relations;

(d) any and all claims for monetary recovery, including but not limited to, severance pay, back pay, front pay, liquidated, compensatory and punitive damages, attorneys' fees, disbursements, costs, and penalties; and

(e) any and all claims arising from or related to Claimants' employment.

This General Release includes all claims known or unknown by Claimants, those that Claimants may have already asserted or raised, as well as those that Claimants have never asserted or raised. The General Release above does not apply to (i) any claims to require Respondents to honor their commitments set forth in this Agreement; (ii) any claims to interpret or to determine the scope, meaning, enforceability or effect of this Agreement, including the General Release; (iii) any claims that arise after Claimants have signed this Agreement; or (iv) any claims for workers' compensation benefits, unemployment compensation benefits, and any other claims that cannot be waived by a private agreement.

To the extent any claim is not releasable, Claimants acknowledge that the payments and consideration received hereunder more than offset any monetary sums owing to Claimants from any non-releasable claim. Nothing herein shall be construed to prohibit Claimants from exercising

their rights as specified in Paragraph 4(c), or shall prevent Claimants from enforcing the terms of this Agreement.

Claimants state that they do not have any further claims under any other law and further agree that they shall not join any class or collective action against the Respondents. This Agreement may be used as an absolute defense to Claimants joining any class or collective action against Respondents.

**4.    No Claims**.

(a)    Claimants represent that they have not assigned or transferred their rights with respect to any claims covered by the General Release in Paragraph 3, and that other than the SDNY Action and Arbitrations, they have never commenced or filed and agree not to commence, file, voluntarily aid or in any way prosecute or cause to be commenced or prosecuted against the Releasees any action, charge, complaint, arbitration, or other proceeding, subject to the provisions of Paragraph 4(c).  Claimants further acknowledge and agree that, other than the SDNY Action and Arbitrations, they have not asserted and do not have any claims against Respondents or any other Releasees including, but not limited to discrimination, harassment and/or retaliation and this is a material representation on which Respondents are relying to enter into this Agreement.

(b)    In the event Claimants file any civil complaint or commence any litigation or arbitration of any kind that is covered by the release in this Agreement, Claimants shall immediately tender back all consideration received under this Agreement and pay all of the attorneys' fees, expenses and costs incurred by the Releasees in connection with the complaint, action, or arbitration filed.  The Releasees shall also have the right of set-off against any obligation to Claimants under this Agreement.  In addition to the remedies noted above, the Releasees may pursue all other remedies available under law or equity to address Claimants' breach of this Agreement.

(c)    Nothing in this Agreement is intended to or shall be interpreted:  (i) to restrict or otherwise interfere with Claimants' obligation to testify truthfully in any forum; (ii) to restrict or otherwise interfere with Claimants' right and/or obligation to contact, cooperate with, provide information to, or testify or otherwise participate in any action, investigation or proceeding of, any federal, state or local government agency, commission or entity (including, but not limited, to the Equal Employment Opportunity Commission, National Labor Relations Board, the Department of Labor, the Securities and Exchange Commission, the Occupational Safety and Health Administration, the New York State Division of Human Rights, or the New York City Commission on Human Rights); (iii) to restrict or otherwise interfere with Claimants' right to disclose any information or produce any documents as required by law or legal process; (iv) to prohibit Claimants from reporting possible violations of federal, state, or local law or regulation to any governmental agency or entity; (v) to prohibit Claimants from filing or disclosing any facts necessary to receive Medicaid or other public benefits to which Claimants may be entitled; or (vi) to prohibit Claimants from speaking with law enforcement or an attorney retained by Claimants.

**5.    Non-Admission of Wrongdoing**.  This Agreement shall not in any way be construed as an admission by Respondents or any person of any liability, or of any unlawful, discriminatory, or otherwise wrongful acts whatsoever against Claimants or any other person.

4

**6.     Mutual Nondisparagement.**  Claimants agree not to disparage, malign or otherwise comment negatively regarding the past or present decisions, policies or practices of Respondents or Reichenbach Hall's officers and employees in any medium or to any person without limitation in time, whether directly or indirectly, except as may be required by law or in any action to enforce the terms of this Agreement.  Further, Claimants agree not to disparage Respondents in conversation or correspondence with Reichenbach Hall's clients, vendors, employees, third parties, or the public.  Reichenbach Hall agrees to instruct its executive management not to make any defamatory or derogatory statements concerning Claimants.  William Reichenbach and Keith Reichenbach agree not to disparage, malign or otherwise comment negatively regarding Claimants.

**7.     Knowing and Voluntary Waiver**.  Notwithstanding any other provision of this Agreement to the contrary:

(a)     Claimants agree that this Agreement constitutes a knowing and voluntary waiver of all rights or claims Claimants may have against the Releasees.

(b)     Respondents hereby advise Claimants to consult with an attorney prior to executing this Agreement.  Claimants acknowledge that they have been given a period of ten (10) days in which to consider this Agreement.

(c)     The Agreement shall become effective on the day after all Claimants execute this Agreement (the "Effective Date").

**8.     Entire Contract/Severability/Modification**.  This Agreement sets forth the entire agreement between Claimants and Respondents and supersedes in its entirety any and all prior agreements, understandings, or representations relating to the subject matter hereof and may not be modified orally.  This Agreement shall be binding upon and be for the benefit of the parties as well as Claimants' heirs and Respondents' successors and assigns. Should any provision of this Agreement be found to be overbroad, or declared or determined by a court to be illegal or invalid, the court shall have the power to modify this Agreement so that it conforms with prevailing law and the validity of the remaining parts, terms or provisions shall not be affected thereby.  If the General Release in Paragraph 3 is determined, in whole or in part, to be invalid, illegal or unenforceable, Respondents shall have the right to treat this Agreement as null and void and to recover any payments that were made under this Agreement.  Claimants represent that in executing this Agreement, Claimants do not rely on any statement or fact not set forth herein.  This Agreement may not be modified except by a writing signed by all parties hereto.

**9.     Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts to be performed exclusively therein without regard to the choice of law provisions thereof.  Any dispute under this Agreement shall be resolved exclusively by binding arbitration under and pursuant to the rules of the American Arbitration Association, with Claimants paying all costs and expenses (including reasonable attorneys' fees) incurred by any Releasee in enforcing the terms of this Agreement upon any breach by Claimants hereunder; provided, however, that Respondents in their sole discretion may seek emergency or temporary injunctive relief against Claimants in any court of

5

competent jurisdiction to enforce the provisions of this Agreement pending permanent relief to be decided by the arbitration process.

10. **Counterparts**. This Agreement, and any agreement referenced herein, may be executed in counterparts, each of which shall be deemed an original but which together shall constitute one and the same instrument. The exchange of a fully executed Agreement (in counterparts or otherwise) by electronic transmission in PDF format or by facsimile shall be sufficient to bind the parties to the terms and conditions of this Agreement.

11. **Acknowledgement**. Claimants expressly acknowledge and agree that they have carefully read this Agreement; that they fully understand the terms, conditions and significance of this Agreement; that Respondents have advised Claimants of Claimants' right to consult with an attorney concerning this Agreement; that Claimants had a period of ten (10) days to review this Agreement with an attorney before executing it; and that they have executed this Agreement voluntarily, knowingly and with such advice of an attorney as Claimants have deemed appropriate.

12. **Headings**. This Agreement shall not be construed against any party on the ground that it was the drafter of the Agreement or any particular provision. All captions and headings herein contained are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

**IN WITNESS WHEREOF**, the parties have executed and agreed to this Agreement on the date first written above.

**AGREED AND ACCEPTED:**

**Manhattan Food & Beverage Ltd. d/b/a Reichenbach Hall**

By: _____     Date: _____5/6/2024_____
Name:

_____          Date: _____5/6/2024_____
William Reichenbach

_____          Date: _____5/6/2024_____
Keith Reichenbach

_____    Date: 5/15/2024 _____
Ethel Dubouzet

_____    Date: 5/1/2024 _____
To Tran

_____    Date: 5/2/2024 _____
Lorena Mercedes

_____    Date: 5/1/2024 _____
Katrina Sanjongco Coyle

_____    Date: 5/2/2024 _____
Paola Teran Iniguez

7