UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LORENA MERCEDES, et al.,

                                Case No.: 22-CV-02777(CM)

                       Plaintiffs,

                -against-                                **REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT**

MANHATTAN FOOD & BEV LTD. d/b/a REICHENBACH
HALL, et al,

                       Defendants.
------------------------------------------------------------x

       I represent the Plaintiffs in the above lawsuit and write jointly with Defendants' counsel to seek approval of the parties' agreement to settle Plaintiffs' claims for unpaid wages, tip theft, failure to provide accurate wage statements, and failure to provide wage notices. This letter is being submitted as a Request for Approval of Settlement and addresses all relevant issues to settlement. Based upon the information provided herein, the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved and that Plaintiffs' claims against Defendants be dismissed with prejudice.

## INTRODUCTION

       This action was filed under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and the New York Labor Law (the "NYLL") Articles 6 & 19. Plaintiffs allege that Defendants failed to pay wages earned, stole tips, and failed to provide wage notices and statements and tip credit notices. Two Plaintiffs also allege that Defendants retaliated against them.

       Defendants denied the allegations and defended them vigorously, alleging that Plaintiffs were all properly paid and that no tips were stolen. They produced extensive records which we discussed over a period of months which they contend shows that no tips were stolen and that all were distributed properly. They also contended that all of the appropriate notices were distributed.

## POTENTIAL DAMAGES

       Plaintiffs initially asserted the right to payment for all hours for which the Defendants took a tip credit. This would amount to approximately $5.00 per hour for all hours worked. For each Plaintiff we estimated this would be in excess of $5,000. In addition, they were seeking the lost tips which they believed to be appropriated in an amount of at least $10,000 each. They also each sought damages of $10,000 for wage notice and statement violations. Plaintiffs also claim entitlement to 100% liquidated damages for any award based on a willful violation of the law under the FLSA and NYLL. There are legitimate disagreements over whether Plaintiffs are owed anything. While the records were confusing and Plaintiffs maintain that they were not properly kept, how an arbitrator or jury would decide was a contentious debate.

1

DM2\19695701.2

---

*Handwritten annotation at bottom:*

7/10/2024

Motion granted. Settlement and fee award (1/3 of recovery/contingency fee/no recovery of costs) are approved under Cheeks. Clerk to enter judgment and close case.

[signature]

By settling now Plaintiffs are avoiding losing potential damages on their wage and hour claims, not proving a willful violation, and the time and expense of extended litigation. The settlement also should permit the Defendants to continue operation of their business and to pay over a period of time. Defendants also avoid incurring additional attorneys' fees and costs of litigation.

## THE PROPOSED SETTLEMENT

The Parties have negotiated a settlement of $67,500.00 total to be paid by Defendants in order to settle all claims between the Plaintiffs and the Defendants. The parties acknowledge that the settlement agreement will be posted on the court's docket. Plaintiffs will each receive $9,000 within three (3) months of the approval of this agreement. This is well within the amount that they could potentially recover if they were partially successful.

The Settlement Agreement includes a general release, under which Plaintiffs release Defendants from known and unknown claims and liabilities, excluding claims that arise after the execution of the Agreement. This general release is necessary and appropriate under the circumstances. First, Defendants agreed to settlement negotiations to achieve a resolution of all potential claims by Plaintiffs in order to prevent future litigation. Second, Plaintiffs are former employees of Defendants (the most recently employed Plaintiff left the restaurant in March 2022) and have no ongoing affiliation with Defendants. The general release brings the case to complete closure. Third, there is no risk of unequal bargaining between the Parties – Plaintiffs are represented by experienced counsel and counsel for Plaintiffs affirmatively agreed to the release terms. Plaintiffs have also represented that they have no knowledge of any additional potential claims against Defendants. Ultimately, the general release was a fair result of a balanced negotiation between counsel and frees Defendants from fear that after settling this lawsuit it might face new claims by Plaintiffs.

The Settlement Agreement also includes a mutual non-disparagement provision, under which Plaintiffs are prohibited, in part, from disparaging, maligning, or otherwise commenting negatively on past or present decisions, policies or practices of Defendants or Reichenbach Hall's officers and employees. Likewise, Defendants are required, in part, to instruct its executive management not to make any defamatory or derogatory statements concerning Plaintiffs. Nothing in this provision prevents the Parties from discussing the Agreement or making truthful statements about the litigation, including the resolution thereof. This provision is not unfairly one-sided, has been negotiated in good faith. The mutual non-disparagement provision is fair and reasonable and should be approved.

## ARGUMENT
### A. The Proposed Settlement Should Be Approved

When parties settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.,* 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the

2

DM2\19695701.2

settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, the result is fair and reasonable and was reached after extensive negotiations and research.

*First*, Plaintiffs' total recovery of $67,500.00 was negotiated in order to ensure payment and avoid prolonged litigation and is a reasonable compromise after years of litigation in federal court and in arbitration. Plaintiffs will each receive $9,000, well within the amount that they could potentially recover if they were successful.

*Second*, by settling now, Plaintiffs are able to get paid now rather than waiting for arbitration to proceed and potentially prevail for a significantly lower amount or have the individual arbitrations dismissed all together.

*Third*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests. *See, e.g., Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011). Specifically, the amount Plaintiffs will receive is based on a compromise between Defendants' claims that they are not liable to Plaintiffs for any damages and Plaintiffs' damages calculations.

*Fourth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement. The compromise is reasonable for Plaintiffs who want this settlement to be approved.

*Fifth*, the settlement agreement is being posted on PACER, making it a public document.

### B. Plaintiffs' Attorneys' Fees and Expenses Should be Granted

Under Plaintiffs' agreement with counsel, The Rose Law Group, PLLC is entitled to one third (1/3) of all recovery, an amount that has regularly been approved in the Eastern District. Plaintiffs' counsel has agreed to waive any costs incurred in the filing and prosecution of the case for purposes of this settlement.

Plaintiffs' counsel spent significant time preparing the pleadings, service, speaking with Plaintiffs numerous times, appearing for conferences, negotiations with Defendants' attorneys, preparing discovery demands, preparing discovery responses, preparing for mediation, conducting mediation, researching and debating the reasonableness of settlement amounts being sought, conducting depositions, preparing the settlement agreement, and preparing this fairness letter. Plaintiffs' counsel negotiated the settlement agreement and drafted this request for approval.

Plaintiff expended thousands in costs which they are not seeking over and above the third (1/3) that they are requesting, despite the ability to do so under the retainer.

The hourly rate used by Plaintiffs' counsel in the attached summary of hours spent is justified based on the hourly rates typically approved in this district for attorneys with similar levels of experience and practice as Mr. Rose. He has significant experience litigating employment law cases, including over one hundred in his career where he has appeared, mostly as the primary counsel, in the Eastern District of New York and over one hundred and fifteen where he has appeared, mostly as the primary counsel, in the Southern District of New York. He has successfully argued before the Second Circuit, reversing decisions for two clients in discrimination cases. See *Allen v. City of N.Y.*, 695 F. App'x 614 (2d Cir. 2017); *Lawson v. Homenuk*, 710 F. App'x 460 (2d Cir. 2017). He has served as lead counsel in trials in both the Eastern and Southern Districts which resulted in jury verdicts favorable to his clients. See *Lashley v. New Life Business Institute, Inc. et al*, 13-cv-02683 (BMC) (closed 3/9/15); *Echevarria v. Insight Med., P.C.*, 72 F. Supp. 3d 442 (S.D.N.Y. 2014). These cases do not include the dozens of cases litigated before State Courts, agencies, administrative courts, arbitrations, and those cases which have settled during the EEOC's investigation and ADR processes. He served as lead counsel in trials in State Court resulting in millions of dollars awarded to his clients in wage and hour, breach of contract, and complex corporate cases. See *Perez v. Franco et al*, Index No. 709031/2016 (Queens Supreme Court) ($172,000 verdict returned by Jury in wage and hour case); *Iqbal et al v. Kumar et al*, Index No. 3124/2014 (Nassau County Supreme Court) (verdict returned in plaintiffs' favor for over $1,500,000.00 in total for fraud and breach of contract); *Garas v. Mitsios et al*, Index No. 20657/2012 (Queens Supreme Court) ($414,494.59 judgment obtained for plaintiff in unpaid contract trial). There are dozens of summary judgment decisions filed and decided in favor of clients represented by Mr. Rose, including a case which was the first to permit a superintendent's wife to pursue an unpaid wage claim in the Second Circuit. In his career, Mr. Rose has supervised attorneys, support staff, and interns at various times since 2008 when working at Valli Kane and Vagnini, LLP. In 2011, Mr. Rose started his own practice, now The Rose Law Group, PLLC, and since has worked with various partners and as of-counsel to Derek Smith Law Group; Phillips & Associates; Pervez & Rehman, PC; The Law Office of David H. Rosenberg, PC; The Law Offices of Emiliano Perez; Conde & Glaser LLP; Picerno & Associates; and White, Hilferty & Albanese LLC. Each of these firms has contracted with Mr. Rose to provide lead attorney services for their clients in recognition of his experience and ability in employment and complex litigation. While The Rose Law Group, PLLC is a small firm, its work with other firms which ask him to act as lead and trial counsel in employment and complex litigation cases supports a finding that he should be considered for the highest hourly rate in the Eastern District. Mr. Rose is recognized by Super Lawyers as a Rising Star each year since 2013 through 2024. He is a respected and accomplished attorney with sufficient experience to command a high level of hourly pay in this district. For an attorney of this caliber, this Court has found $500.00 per hour to be reasonable. See *Dougherty v. 2With Deli Corp.*, 2023 U.S. Dist. LEXIS 215998, *6 (SDNY 2023) (citing *Bin Gao v. Jian Song*

Shi, 2021 U.S. Dist. LEXIS 83716, 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021); Rodriguez v. 3551 Realty Co., 2017 U.S. Dist. LEXIS 182017, 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017)). It is respectfully requested that the hourly rate presented is reasonable, although not relevant to the award of fees which should include the amount agreed to by Plaintiffs in their retainer and in the attached Settlement Agreement.

The total fee sought is $22,500.00, not accounting for costs which are waived as part of the settlement. The total hours expended by Jesse Rose was 55.9 based on contemporaneous records relating solely to the litigation involving all Plaintiffs, and not their individual arbitrations. Exhibit B, Hours Performed by The Rose Law Group, PLLC. Using a rate of $400.00 per hour per hour for Jesse Rose, this would have required Plaintiffs to pay $27,950.00 up front, with no guarantee of success. This further does not include additional hours by clerical staff and costs which totaled approximately $2,273.45 ($405 for filing in Court, $1,400 in total filing fees for arbitration, $468.45 for transcripts). Instead, they opted for a contingency fee which permitted them to hire experienced and competent counsel without an outlay of fees. Plaintiffs believe the attorney fee award is reasonable because it is (1) fair and based on a reduction of what is due under the contract entered into by Plaintiffs which provides for a contingency fee in lieu of having paid on an hourly basis, and (2) because Plaintiffs' counsel takes almost all cases on a contingency basis and having cases which pay more than an hourly rate permit the firm to take cases which are more difficult and less likely to pay out. See *Mendez v. QL Wholesome Food, Inc.*, 2018 U.S. Dist. LEXIS 58570, at *3-4 (S.D.N.Y. Apr. 4, 2018) ("While the lodestar calculation is significantly lower than one-third of the overall settlement, 'one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases.'") [internal citations omitted]; *Pinguil v. We Are All Frank, Inc.*, 2018 U.S. Dist. LEXIS 88339, at *15 (S.D.N.Y. May 21, 2018) (33 1/3% awarded even though lodestar was almost half); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). This agreement should be approved expeditiously so that Plaintiffs can collect the moneys owed to them under the attached Settlement Agreement.

## CONCLUSION

For all the foregoing reasons, the settlement should be approved in its entirety. Should Your Honor require any additional information, the parties are available at Your convenience.

Dated: June 8, 2024

/s/Jesse C. Rose<br>
Jesse C. Rose

5

DM2\19695701.2